IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01217-MSK-KMT

UNITED STATES OF AMERICA, and
STATE OF COLORADO,

        Plaintiffs,

v.

COLORADO STRUCTURES, INC.,

        Defendant.

## ORDER APPROVING CONSENT DECREE

THIS MATTER comes before the Court on the Plaintiffs' Unopposed Motion to Enter Consent Decree **(#6)**. Having reviewed the proposed Consent Decree **(#2-2)**, the Court

**FINDS** and **CONCLUDES** that:

This action arises under the Clean Water Act and the Colorado Water Quality Control Act. The Plaintiffs claim that the Defendant discharged pollution in storm water from construction sites, either in violation of existing permits or without a permit, and failed to apply for a permit for one site.

All parties, through their legal representatives, have entered into a Consent Decree. It constitutes a binding settlement agreement between the parties. It resolves all claims which were asserted by the Plaintiffs against the Defendant. It benefits, but does not purport to bind, any non-parties.

The Consent Decree does many things, including the following: (1) it establishes a program for ensuring compliance with applicable discharge permits and for monitoring

pollutants in storm water discharges at the Defendant's construction sites; (2) it requires the Defendant to pay a civil penalty in the amount of $250,000 to the United States Department of Justice; (3) it requires the Defendant to pay a civil penalty in the amount of $50,000 to the Colorado Department of Public Health and Environment; (4) it reserves jurisdiction to this Court to enforce the terms and conditions of the Consent Decree and to resolve disputes arising under it; (5) it provides for stipulated civil penalties to be paid by the Defendant in the event of noncompliance with the Consent Decree; and (6) it specifies informal and formal dispute resolution procedures.

Pursuant to 28 C.F.R. § 50.7(a), it is the policy of the Department of Justice to give notice to the public of a proposed consent decree and to give the public an opportunity to comment on it before it is approved by a court. This regulation does not specify a particular form of notice, but it does require that a proposed consent decree be lodged with the court at least 30 days before the entry of judgment. 28 C.F.R. § 50.7(b). If there are any public comments, the Department of Justice is required to file them with the court. *Id.*

Here, the proposed Consent Decree was filed with the Court on June 6, 2008. Notice of the proposed Consent Decree was published in the Federal Register on June 13, 2008. 73 Fed. Reg. 33,851 (June 13, 2008). Such notice solicited comments during a 30-day period starting June 13, 2008. The Plaintiffs advise that they received no comments during the comment period.

The terms of the Consent Decree are fair, reasonable, consistent with the purposes of Clean Water Act and the Colorado Water Quality Control Act, and not contrary to public policy. The Consent Decree fully resolves all claims and disputes in this litigation.

**IT IS THEREFORE ORDERED** that:

(1) The Court approves the Consent Decree.

(2) The Clerk of Court shall separately file the Consent Decree (found at **#2-2**) and assign it a docket number.

(3) The Clerk of Court is directed to close this case.

Dated this 31st day of July, 2008

                                         **BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge