EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

UNITED STATES OF AMERICA,

       and

STATE OF COLORADO,

       Plaintiffs,

       v.

COLORADO STRUCTURES, INC.,

       Defendant.

---

## CONSENT DECREE

---

## TABLE OF CONTENTS

I.    DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    1.    Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   COMPLIANCE PROGRAM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    2.    Compliance with Applicable Permits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    3.    Designation of Director(s) of Storm Water Compliance . . . . . . . . . . . . . . . 5
    4.    Designation of Compliance Officers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    5.    Designation of Project Superintendents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    6.    Notice of Construction Projects . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    7.    Permits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    8.    SWPPPs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    9.    Update of SWPPPs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    10.   Notice of Compliance Officer's Phone Number . . . . . . . . . . . . . . . . . . . . 11
    11.   Provision of Guidance Materials. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    12.   Pre-Construction Meetings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    13.   Weekly Meetings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    14.   Availability of Plan and Permit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    15.   Inspections . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    16.   Director of Storm Water Compliance Review and Report . . . . . . . . . . . . . 15
    17.   Temporary Alteration of BMPs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
    18.   Final Site Inspection . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

III.  CIVIL PENALTY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    19.   Civil Penalty . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
    20.   Method of Payment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

IV.   GENERAL PROVISIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    21.   Jurisdiction and Venue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
    22.   Parties Bound . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
    23.   Responsibility for Acts of Contractors or Agents . . . . . . . . . . . . . . . . . . . 18
    24.   No Warranty by Plaintiffs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
    25.   Headings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
    26.   Final Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
    27.   Purpose of Consent Decree . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
    28.   Right of Entry . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
    29.   No Limitation on Other Rights of Entry . . . . . . . . . . . . . . . . . . . . . . . . . . 20
    30.   Preservation of Records . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
    31.   Claims of Confidentiality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
    32.   Authority to Sign Consent Decree . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
    33.   Designation of Agent for Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
    34.   Notification . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
    35.   Certification of Reports and Submissions . . . . . . . . . . . . . . . . . . . . . . . . . 22
    36.   Entire Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
    37.   Modification . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
    38.   Costs of Suit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

|  | 39. | Public Notice | 23 |
|  | 40. | Agreement to Entry of Consent Decree | 23 |
|  | 41. | Termination of Consent Decree | 23 |
| V. | | EFFECT OF CONSENT DECREE | 24 |
|  | 42. | Covenants Not to Sue by the Plaintiffs | 24 |
|  | 43. | No Effect on Third Parties | 25 |
|  | 44. | Plaintiffs' Reservations of Rights | 25 |
|  | 45. | CSI's Reservation of Rights | 26 |
|  | 46. | Not a Permit Modification | 26 |
| VI. | | STIPULATED PENALTIES | 26 |
|  | 47. | Stipulated Penalty Amounts | 26 |
|  | 48. | Payment of Stipulated Penalties | 28 |
|  | 49. | Accrual of Stipulated Penalties | 29 |
|  | 50. | No Effect on Obligation to Comply | 29 |
|  | 51. | Effect of Dispute Resolution | 29 |
|  | 52. | Interest on Late Payment | 30 |
|  | 53. | Non-Exclusivity of Remedy | 30 |
| VII. | | DISPUTE RESOLUTION | 30 |
|  | 54. | Exclusive Remedy | 30 |
|  | 55. | Informal Dispute Resolution | 30 |
|  | 56. | Formal Dispute Resolution | 31 |
|  | 57. | Petitions to the Court | 31 |
|  | 58. | Effect on Other Obligations | 32 |
|  | 59. | Computation of Time | 32 |
| VIII. | | FORCE MAJEURE | 33 |
|  | 60. | Definition of Force Majeure | 33 |
|  | 61. | Required Notification for Force Majeure | 33 |
|  | 62. | Procedures for Extension | 34 |
|  | 63. | Effect on Other Obligations | 34 |

Appendix 1: Contractor Briefing Sheet
Appendix 2: Storm Water Inspection Report

A.      WHEREAS the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed the Complaint in this matter alleging that Colorado Structures, Inc. ("CSI") has violated the Clean Water Act, 33 U.S.C. §§ 1251-1387, and the regulations promulgated pursuant to that statute, including the conditions and limitations of the Construction Storm Water General Permits of September 9, 1992 (57 Fed. Reg. 41176), February 17, 1998 (63 Fed. Reg. 7858) and July 1, 2003 (68 Fed. Reg. 39087 (the "Federal General Permit"), the California Construction Storm Water General Permit, NPDES No. CAS000002 (the "California General Permit"), and the Colorado General Permit for Storm Water Discharges associated with Construction Activity No. COR - 030000 (the "Colorado General Permit"), the Nevada General Permit for Storm Water Associated With Construction Activity No. NVR 100000 (the "Nevada Permit"), and the South Dakota General Permit for Storm Water Discharges Associated With Construction Activities No. SDR 10#### (the "South Dakota Permit").

B.      WHEREAS the State of Colorado is a Co-Plaintiff in this action, alleging that CSI has violated the Clean Water Act, the Colorado Water Quality Act, §§ 25-8-101 to -703, C.R.S., Regulation No. 61, the "Colorado Discharge Permit System Regulations" (5 C.C.R. § 1002-61), and the Colorado General Permit.

C.      WHEREAS CSI neither admits nor denies the allegations in the Complaint.

D.      WHEREAS the United States, the State of Colorado and CSI have consented to the entry of this Consent Decrec without trial of any issues.

NOW, THEREFORE, before the taking of any testimony, upon the pleadings, without adjudication or admission of any issue of fact or law and upon consent and agreement of the parties, it is hereby ORDERED, DECREED, and ADJUDGED as follows:

## I. DEFINITIONS

1.      Except as specifically provided in this Consent Decree, definitions for the terms used in this Consent Decree shall be incorporated from the Clean Water Act and the regulations

promulgated pursuant to that Act. Whenever terms listed below are used in this Consent Decree the following definitions apply:

     a.    BMPs - best management practices, means schedules of activities, prohibitions of practices, maintenance procedures, and other management practices to prevent or reduce the discharge of pollutants to waters of the United States as well as treatment requirements, operating procedures, and practices to control site runoff, spillage or leaks, sludge or waste disposal, or drainage from raw material storage.

     b.    Business Day - any day other than a Saturday, Sunday, or federal holiday.

     c.    Clean Water Act - the Federal Water Pollution Control Act, as amended, 33 U.S.C. §§ 1251-1387.

     d.    Contractor – any of CSI's contractors or sub-contractors at a Site, including any of their employees working at a Site.

     e.    CSI - Colorado Structures, Inc.

     f.    Ground-Disturbing Activities – the disturbance of soils associated with clearing, grading, or excavating activities or other construction-related activities.

     g.    Notice of Intent - a request for coverage under a Permit.

     h.    Parties - the United States, the State of Colorado, and CSI.

     i.    Permit -  the Construction Storm Water General Permits of September 9, 1992 (57 Fed. Reg. 41176), February 17, 1998 (63 Fed. Reg. 7858), July 1, 2003 (68 Fed. Reg. 39087) and any amendments thereto or reissuance; any individual federally-issued permit governing storm water discharges from construction activities pursuant to 33 U.S.C. § 1342(a); or any permit governing storm water discharges from construction activities pursuant to any state law that is part of a program EPA has approved under 33 U.S.C. § 1342(b).

     j.    Plaintiffs - the United States and the State of Colorado.

     k.    Responsible Corporate Officer – an official of CSI who is in charge of a

principal business function, or any other person who performs similar policy or decision-making functions for CSI and is authorized as set forth in 40 C.F.R. § 122.22. Such term shall include the Director(s) of Storm Water Compliance, Compliance Officers, Alternate Compliance Officers, and Project Superintendents, pursuant to Paragraph 3 (Director(s) of Storm Water Compliance), Paragraph 4 (Compliance Officers and Alternate Compliance Officers), and Paragraph 5 (Project Superintendents), respectively.

l.    Site - any location in the United States for which CSI has executed after entry of this Consent Decree a contract for construction, and either (i) has operational control over construction plans and specifications, including the ability to make modifications to those plans and specifications or (ii) has day-to-day operational control of those activities at a project which are necessary to ensure compliance with a SWPPP for the site or other permit conditions (e.g., CSI is authorized to direct workers at a site to carry out activities required by the SWPPP or to comply with other Permit conditions) and at which there is or will be Ground-Disturbing Activities greater than or equal to one acre or which is otherwise subject to the NPDES storm water construction regulations by virtue of the definitions set forth at 40 C.F.R. § 122.26(b)(14)(x) or 40 C.F.R. § 122.26(b)(15), or, in the alternative, by storm water construction regulations that are part of a state program EPA has approved under 33 U.S.C. § 1342(b).

The term Site shall not include joint development construction sites for which CSI does not meet the requirements of "operator" as defined by the National Pollutant Discharge Elimination System General Permit for Storm Water Discharges From Construction Activities (Federal General Permit), 68 Fed. Reg. 39087 (July 1, 2003). In other words, the term Site shall not include joint development construction sites for which CSI does not have either: (i) operational control over construction plans and specifications, including the ability to make modifications to those plans and specifications; or (ii) day-to-day operational control of those activities at a project which

3

are necessary to ensure compliance with a SWPPP for the site or other permit conditions (e.g., CSI lacks authority to direct workers at a site to carry out activities required by the SWPPP or to comply with other Permit conditions). See, e.g., NPDES General Permit for Storm Water Discharges From Construction Activities – Fact Sheet (As Modified Effective January 21, 2005), p. 25, Sec. V. 3.2 ("Requirements for Different Types of Operators").

m.    Storm Water Professional - an individual who is currently certified by: (i) the International Erosion Control Association under the Certified Professional in Erosion & Sediment Control ("CPESC") program; (ii) the training and certification program developed by Wal-Mart Stores, Inc. pursuant to Paragraph 9 of the Consent Decree in United States v. Wal-Mart Stores, Inc., Civ. Action No. 04-301 (D. Del. 2005); (iii) any other program that provides: (a) at least 6 (six) hours of classroom training on the principles, practices and legislation of erosion and sediment control, including storm water regulations and permits, (b) a written exam designed to measure the proficiency of storm water principles, and (c) annual re-certification; or (iv) another storm water training program, either classroom or web-based, agreed to by the Federal Plaintiff after a request made to the EPA representative(s) listed in Paragraph 34 (Notification). EPA shall make all reasonable efforts to timely review such request. Any dispute regarding EPA's response to such request shall be addressed through the Dispute Resolution process as set forth in Section VII (Dispute Resolution).

n.    SWPPP - shall mean a Storm Water Pollution Prevention Plan or other plan for controlling pollutants in storm water discharges from Sites that meets the requirements of Paragraph 8 (SWPPPs).

## II. COMPLIANCE PROGRAM

2.    Compliance with Applicable Permits. CSI shall fully comply with all requirements of the Clean Water Act as it relates to the discharge of storm water from Sites, as

well as the terms and conditions of all applicable Permits.

3. <u>Designation of Director(s) of Storm Water Compliance</u>.

a. Within 5 days of entry of this Consent Decree, CSI shall submit in writing a notice to Plaintiffs identifying no more than two CSI employee(s) who will serve as the Director(s) of Storm Water Compliance to oversee storm water compliance activities company-wide. Each Director of Storm Water Compliance shall (i) be a Storm Water Professional; (ii) have at least 5 years of construction-related experience; (iii) be able to identify and have the authority to implement BMPs; (iv) have the authority to instruct employees and contractors in the implementation of such practices; and (v) have the authority to develop and implement storm water compliance policies company-wide. Each Director of Storm Water Compliance shall maintain his or her certification as current. CSI may change either Director of Storm Water Compliance by providing Plaintiffs with written notice of the change and submitting evidence that the person selected meets the criteria set forth in this Paragraph, including (a) a copy of the certification demonstrating the individual is a Storm Water Professional; (b) a copy of any other storm water training certificates that person has received; and (c) a copy of the person's resume setting forth at a minimum the construction-related experience and educational background of the selected individual.

4. <u>Designation of Compliance Officers</u>.

a. Within 5 days of entry of this Consent Decree, CSI shall submit in writing a notice to the Plaintiffs identifying the CSI employee who will serve as the Compliance Officer at each Site. The Compliance Officer will be responsible for coordinating oversight of storm water compliance at the designated Site. Each Compliance Officer shall (i) be a Storm Water Professional; (ii) have at least 5 years of construction-related experience; and (iii) be able to adequately identify and implement storm water sediment and erosion control practices and effectively instruct employees and Contractors in the

5

implementation of such practices; provided, however, that each Compliance Officer identified by CSI within the first year from the date of entry of this Consent Decree shall have 90 days either to maintain or achieve any necessary certification. Each Compliance Officer shall maintain his or her certification as current.

      b.     If, at any time, CSI wishes to add a new or change an existing Compliance Officer previously identified in subparagraph (a), CSI shall note this in the SWPPP, notify Plaintiffs in writing, and provide Plaintiffs the identity of the new or replacement Compliance Officer who shall (i) be a Storm Water Professional; (ii) have at least 5 years of construction-related experience; and (iii) be able to adequately identify and implement storm water sediment and erosion control practices and effectively instruct employees and Contractors in the implementation of such practices. At the time CSI identifies each new or replacement Compliance Officer, CSI shall also submit evidence that the person selected meets the criteria set forth in this Paragraph, including (a) a copy of the certification demonstrating the individual is a Storm Water Professional; (b) a copy of any other storm water training certificates that person has received; and (c) a copy of the person's resume setting forth at a minimum the construction-related experience and educational background of the selected individual.

      c.     For each Site, CSI may designate one employee as an Alternate Compliance Officer who has the same duties and will fulfill the obligations of the Compliance Officer under this Consent Decree when the Compliance Officer is unable or unavailable to perform his or her duties. The Alternate Compliance Officer shall have the same qualifications as the Compliance Officer, and shall also maintain his or her certification as current.

    5.     <u>Designation of Project Superintendents</u>. For each Site, CSI shall designate one or two Project Superintendents, each of whom is a CSI employee who (i) shall be responsible for overseeing activities and work at a Site; (ii) has the authority to direct employees and Contractors

to undertake actions to comply with a Permit, the Clean Water Act, and the Site's SWPPP; (iii) is certified as a Storm Water Professional; (iv) has at least 5 years of construction-related experience; and (v) is able to adequately identify and implement storm water sediment and erosion control practices and effectively instruct employees in the implementation of such practices; provided, however, that any Project Superintendent identified by CSI within the first year of entry of this Consent Decree shall have 90 days from the later of the date of employment of such Project Superintendent or the date of entry of this Consent Decree to meet the qualifications set forth in this Paragraph. If, at any time, CSI wishes to change a Project Superintendent for a specific Site, CSI shall note this in the SWPPP and certify that the proposed replacement meets the same requirements as above.

6. <u>Notice of Construction Projects</u>. Within 15 days following the date of entry of this Consent Decree, CSI shall provide the Plaintiffs by electronic mail to the addresses specified in Paragraph 34 (Notification) a list of all Sites for which CSI has been awarded a construction contract and for which construction has not been completed and final stabilization achieved. By the 15th day of every month, beginning one month after entry of this Consent Decree, CSI shall provide the Plaintiffs with notice by electronic mail at the addresses specified in Paragraph 34 (Notification) of all Sites currently under construction or for which CSI has been awarded a construction contract. Each report required by this Paragraph shall include the following information for each Site: (i) CSI's Permit number, if available, (ii) the name of the Site owner where applicable (and, if available, the Site owner's Permit number(s) if different from CSI's Permit number), (iii) the location of the Site including the physical address and the latitude and longitude, (iv) the job site contact (including telephone number and/or e-mail), (v) the start date of CSI's Ground-Disturbing Activities, or if not available, the best estimate for the start date of CSI's Ground-Disturbing Activities, and (vi) the date of, or if not available, the best estimate for CSI's termination of Ground-Disturbing Activities and final stabilization. If any of this information is not available at the time of the preparation of the report required by this

7

Paragraph, CSI shall update the information in its next report.

7.    <u>Permits</u>.  CSI shall not initiate, or allow its employees or Contractors to initiate, or direct any employee or subcontractor to initiate Ground-Disturbing Activities at a Site, until all required storm water authorizations have been issued by the local, state, and/or federal authorities for Ground-Disturbing Activities at that Site, or until applicable Permit coverage is in effect. CSI shall obtain permit coverage (including through transfer), transfer any permit and terminate permit coverage as required or authorized by the applicable Permit.

8.    <u>SWPPPs</u>.  Prior to undertaking or allowing any Ground-Disturbing Activities at a Site, and in compliance with the submission requirements of the applicable Permit, CSI shall prepare a SWPPP or ensure that a SWPPP has been prepared for each Site.  CSI shall ensure that the SWPPP for each Site complies with the requirements of the applicable Permit.  In addition, except for any SWPPP prepared for CSI by or on behalf of Wal-Mart Stores, Inc. pursuant to Paragraph 7 of the Consent Decree in <u>United States v. Wal-Mart Stores, Inc.</u>, Civ. Action No. 04-301 (D. Del. 2005) or for CSI pursuant to storm water Consent Decree(s) subsequently entered by a Federal District Court and to which the United States is a Plaintiff, CSI shall ensure that the SWPPP for each Site meets at least the following requirements:

a.    The SWPPP shall include:

i.    an identification of:

a) the Compliance Officers, Alternate Compliance Officer, and Project Superintendent for the Site, including names, contact information, and a detailed description of each person's duties;

ii.    A detailed description of the Site and the nature of the construction, including, <u>inter alia</u>, the location, existing Site conditions, construction type, estimates of the total area of the Site that is expected to be disturbed, the intended sequence and timing of activities that disturb soils at the Site, and estimates of the Site's run-off coefficient based on

8

EPA's publication "Developing Your Stormwater Pollution Prevention Plan" "EPA 833-R-060-04 May 2007" or any equivalent document if required by the applicable permit;

iii.    Detailed Site maps appropriate for the complexity of the Site and construction sequence, including, but not limited to:

a)    a detailed map or maps indicating, inter alia, drainage patterns and slopes, areas of soil disturbance; locations of major structural and nonstructural BMPs; locations of all planned stabilization measures; locations of surface waters including wetlands and municipal separate storm sewer systems leading to surface waters; locations of likely discharge points to surface waters including wetlands and municipal separate storm sewer systems leading to surface waters; and the location of potential pollutant sources;

b)    a detailed map or maps indicating any staging area(s) (e.g., equipment storage, material storage, waste storage, borrow/fill area, etc.) associated with and in the vicinity of the construction activity; and

c)    a detailed plan sheet identifying different phase(s) or stage(s) of development that will require changes to storm water controls so that, for example, there are separate plan sheets for clearing and mass grading; for utility and road installation; and for construction of homes and any other buildings.

iv.    A detailed description of BMPs that will be used to reduce pollutants in discharges from the Site and assure compliance with terms and conditions of the applicable Permit.  The BMPs identified in the

9

SWPPP shall:

    a)    be based on and appropriate for Site conditions;

    b)    be effective in eliminating or significantly minimizing pollutants in storm water discharges from the Site (e.g, aimed at controlling erosion and sediment transport and other pollutants such as construction chemicals and solid waste); and

    c)    include the use of erosion management controls, including construction sequencing and temporary and permanent stabilization practices; sediment management controls; and housekeeping control measures, such as materials management and litter control, in combination, as appropriate, at the Site.

v.    A detailed description of all post-construction storm water management measures that will be installed during construction to reduce pollutants in storm water discharged from the Site after construction is complete.

vi.    A detailed description of maintenance procedures for all BMPs to ensure that they are maintained in effective operating condition as required by the applicable Permit and this Consent Decree.

vii.    A detailed description of the inspection procedures and documentation requirements set forth in the applicable Permit and Paragraph 15 (Inspections) of this Consent Decree.

b.    The SWPPP shall be prepared by a registered professional engineer or Storm Water Professional and signed in accordance with the requirements of the applicable storm water regulations or Permit.

9.    Update of SWPPPs.  CSI shall for each Site revise the SWPPP, including, if necessary, the Site map:

a.      if there is a change in design; construction method, operation, or maintenance at the Site that has or could have a significant effect on the discharge of pollutants to surface waters including wetlands and municipal separate storm sewer systems leading to surface waters that has not previously been addressed in the SWPPP; or

b.      to record any changes to the BMPs that result from the inspections required by Paragraph 15, or as otherwise identified.

c.      Revisions required in a. and b., above, shall be completed within seven (7) calendar days following the date on which the need for change(s) was identified, or within the time frame established by the applicable Permit.

10.      Notice of Compliance Officer's Phone Number. CSI shall post a conspicuous notice (a) providing the telephone number of CSI's Compliance Officer and Alternate Compliance Officer in its construction office at each Site and (b) authorizing all employees and Contractors to contact the Compliance Officer or Alternate Compliance Officer at each Site with any questions or to report problems relating to sediment and erosion control at any Site. If CSI's designated Compliance Officer or Alternate Compliance Officer is not available to answer the phone at any time, CSI shall ensure that a person or machine shall be available to answer or record a message and that such messages are retrieved and addressed within a reasonable time.

11.      Provision of Guidance Materials. CSI shall ensure that each of its Project Superintendents and Compliance Officers, and Alternate Compliance Officer at a Site, as well as every Contractor responsible for Ground Disturbing Activities at a Site, receives the most current version of the Colorado Department of Transportation Erosion Control and Storm Water Quality Pocketbook or other equivalent BMP or storm water compliance guidance materials appropriate for the conditions at the Site.

12.      Pre-Construction Meetings.

a.      The Project Superintendent shall hold a pre-construction meeting with CSI

11

employees and Contractors involved in Ground-Disturbing Activities prior to initiation of Ground-Disturbing Activities at the Site. At such meeting, the Project Superintendent shall explain the applicable Permit requirements, the SWPPP and drawings, and other environmental requirements for the Site. At the conclusion of the meeting, the Project Superintendent shall require each attendee to sign a certification that they understand the terms and conditions of the applicable Permit and the SWPPP. The Project Superintendent also shall distribute the Contractor Briefing Sheet (attached hereto as Appendix 1) to each attendee. If a CSI employee or Contractor involved in Ground-Disturbing Activities begins work after the pre-construction meeting has occurred and/or has not attended the pre-construction meeting, a Project Superintendent shall brief the CSI employee or Contractor before the CSI employee or Contractor begins work involving Ground-Disturbing Activities at the Site. Such briefing shall meet the requirements for a pre-construction meeting, including the certification and receiving a copy of the Contractor Briefing Sheet (Appendix 1).

b.      Prior to the initiation of Ground-Disturbing Activities at any Site, except for activities associated with the installation of perimeter BMPs at a Site, the Project Superintendent shall inspect the Site to determine whether the BMPs required by the SWPPP to be in place at the commencement of Ground-Disturbing Activities have been installed correctly and in the correct locations. The Project Superintendent shall certify on or before the date of the pre-construction meeting that the BMPs required by the SWPPP to be in place at the commencement of Ground-Disturbing Activities have been installed correctly and in the correct locations prior to the commencement of Ground-Disturbing Activity.

13.     Weekly Meetings. In addition to the pre-construction meeting, CSI shall hold weekly meetings with all persons, including Contractors involved in Ground-Disturbing Activities at each Site to review the requirements of any applicable Permits, the SWPPP, and this

12

Consent Decree and to address any problems that have arisen in implementing the SWPPP or maintaining BMPs. CSI shall have available to all attendees at these meetings copies of the Contractor Briefing Sheet (Appendix 1). CSI shall record the occurrence of the weekly meeting on the report set forth in Appendix 2 (Storm Water Inspection Report) for the day on which the weekly meeting was held.

14.     <u>Availability of Plan and Permit</u>. During working hours on all Business Days, CSI shall ensure that the applicable Permit and SWPPP are readily available at the Site, or at a location designated pursuant to the applicable Permit, for review by any Contractor or CSI employee, as well as any local, state, or federal inspector in accordance with Paragraph 28 (Right of Entry) or any other permit, law, or regulation then in effect.

15.     <u>Inspections</u>.

a.     For contracts for construction at Sites executed by CSI after entry of this Consent Decree, a Project Superintendent shall conduct a daily inspection on each Business Day in which construction activity has occurred at a Site for which that Project Superintendent is responsible. The Project Superintendent shall inspect the entire Site to (i) determine whether all construction-related activities (including, but not limited to, any clearing, grading, excavating, building, or materials handling) are being conducted in accordance with the requirements of the SWPPP, the applicable Permit, and this Consent Decree; (ii) determine whether the SWPPP is being updated and implemented in accordance with the requirements of the applicable Permit and this Consent Decree; (iii) identify and record any repairs made to, or needed for, existing BMPs to ensure that they are maintained in effective operating condition; (iv) identify and record the need to modify and/or to implement additional BMPs to eliminate or significantly minimize any discharges of pollutants from the Site into waters of the United States; and (v) identify and record any unpermitted discharge of pollutants from the Site into waters of the United States, including wetlands and municipal separate storm sewer systems leading to surface

13

waters. If authorized by the applicable permit, CSI may authorize a Project Superintendent to reduce the frequency of his or her inspections to once each month if one of the following conditions is met: (1) the entire site is temporarily stabilized or (2) snow cover exists at the Site for an extended period and melting conditions do not exist. CSI shall require a Project Superintendent to resume daily inspections as soon as the Site no longer meets one of these conditions.

b.      A Project Superintendent shall record the results of the daily inspection in the report set forth in Appendix 2 (Storm Water Inspection Report) and certify the information contained in the inspection report by signing in the area provided on Appendix 2. A Project Superintendent shall retain the storm water inspection report at the Site. Once each week, a Project Superintendent shall transmit to the Compliance Officer or Alternate Compliance Officer a report stating that all daily inspections have been conducted and identifying any deficiencies identified during the inspections and any corrective action undertaken to correct deficiencies in BMPs at the Site.

c.      CSI shall complete all corrections identified as necessary under sub-paragraph a. or b. above, or that are necessary to achieve or maintain compliance with the applicable Permit and this Consent Decree, or to stop any unpermitted discharge from the Site, as soon as possible, but no later than 48 hours after the inspection; provided, however, that in the event such repairs or modifications cannot be completed within this time, CSI shall initiate the repairs or modifications within 48 hours and complete the repairs or modifications as soon as practicable. Once corrections are made, the Project Superintendent shall record a description of the corrective action and the date of its completion on the storm water inspection report.

d.      The Compliance Officer or Alternate Compliance Officer for each Site shall accompany one of the Project Superintendents on a daily inspection of the Site at least once every two (2) weeks. In addition, the Compliance Officer or Alternate

14

Compliance Officer shall review the storm water inspection reports prepared by the Project Superintendent in the days since the Compliance Officer's or Alternate Compliance Officer's last inspection and ensure that all corrective actions noted as necessary on the daily inspection reports have been completed as required by Paragraph 15.c. The Compliance Officer or Alternate Compliance Officer shall certify compliance with the requirements of this Paragraph by signing in the area provided on the storm water inspection report set forth in Appendix 2 (Storm Water Inspection Report).

       e.      For Sites at which CSI is required to use the document set forth at Appendix 2 (Storm Water Inspection Report) in the Consent Decree entered in <u>United States v. Wal-Mart Stores, Inc.</u>, Civ. Action No. 04-301 (D. Del. 2005) pursuant to the requirements of that Consent Decree, use of such report shall be deemed to satisfy any requirement to use Appendix 2 (Storm Water Inspection Report) in this Consent Decree. For Sites at which CSI is required to use the daily storm water inspection report(s) set forth in storm water Consent Decree(s) subsequently entered by a Federal District Court and to which the United States is a Plaintiff, pursuant to the requirements of such Consent Decree(s), use of such storm water report(s) shall be deemed to satisfy any requirement to use Appendix 2 (Storm Water Inspection Report) in this Consent Decree.

       16.    <u>Director of Storm Water Compliance Review and Report</u>. Compliance Officers or Alternate Compliance Officers shall submit each inspection report prepared pursuant to Paragraph 15(d) to the Director of Storm Water Compliance that oversees his or her region within five (5) days of completing the inspection. Each Director of Storm Water Compliance shall review the certified inspection reports and, within forty-five (45) days of the end of each calendar quarter after entry of this Consent Decree, prepare and submit a report to Plaintiffs: (a) identifying any instances of apparent noncompliance during the calendar quarter by CSI or its Contractors with the applicable Permit and this Consent Decree, including at a minimum the name and location of the Site, the Contractor (if applicable), and a description of the apparent

15

noncompliance; (b) identifying recurring apparent compliance issues and solutions to them that CSI has implemented or will implement to address them; and (c) attaching copies of any government inspection report(s) or enforcement action(s) taken at any CSI Site during the calendar quarter related to storm water compliance. Each Director of Storm Water Compliance shall provide a copy of this report to all Project Superintendents, Compliance Officers and Alternate Compliance Officers. Project Superintendents and Compliance Officers and Alternate Compliance Officers shall take any action required by each Director of Storm Water Compliance to achieve and maintain compliance. Federal Plaintiff may request, and CSI shall provide within ten (10) business days, copies of the storm water inspection reports and/or certified inspection reports.

     17.    <u>Temporary Alteration of BMPs</u>. If, during the course of construction at a Site, the temporary removal or alteration of a BMP is necessary to accomplish the construction or to protect health and safety, a Project Superintendent shall note such removal or alteration on the storm water inspection report, including specific information regarding the changes made and the day and time such changes were made. CSI shall restore the BMP as soon as practicable but in no case later than 24 hours after the completion of the activity that required the change. A Project Superintendent shall note the restoration on the storm water inspection report, including specific information regarding the day and time at which the restoration was begun and completed. CSI shall take all reasonable measures to prevent discharges from the Site to the waters of the United States during the time of the temporary removal or alteration of a BMP. To the extent practicable, reasonable measures shall include timing the temporary removal or alteration of a BMP to occur when precipitation is not forecast and/or installing new or alternate BMPs around the affected area.

     18.    <u>Final Site Inspection</u>. The Compliance Officer or Alternate Compliance Officer shall perform an inspection of the Site at the conclusion of the construction project to ascertain whether all areas of the Site have been stabilized in accordance with permit conditions and

requirements and the Site is eligible to terminate permit coverage. The Compliance Officer or Alternate Compliance Officer shall sign and certify a report on the inspection. The certified inspection report shall be retained by CSI with the SWPPP as required by this Consent Decree and any applicable Permit or other requirement of law. If all areas of the Site have been finally stabilized in accordance with permit conditions and requirements, CSI shall file for termination or inactivation of the Permit, in accordance with the requirements of any applicable Permit.

### III. CIVIL PENALTY

19.    <u>Civil Penalty</u>. Within 30 days after entry of this Consent Decree, CSI shall pay a civil penalty of $300,000.

20.    <u>Method of Payment</u>. Payment of the penalty required in Paragraph 19 (Civil Penalty) shall be made in the following manner:

a.    Payment of $250,000 of the penalty shall be made payable by FedWire Electronic Funds Transfer ("EFT" or "wire transfer") to the U.S. Department of Justice in accordance with current EFT procedures and in accordance with written instructions to be provided by the Financial Litigation Unit ("FLU") of the U.S. Attorney's Office, 1225 Seventeenth Street, Suite 700, Seventeenth Street Place, Denver, CO 80202, referencing U.S. Department of Justice Case Number 90-5-1-1-08391. The cost of such wire transfer shall be the responsibility of the Defendant.

Defendant shall send to the U.S. Department of Justice, the United States Attorney, and the U.S. EPA Region 8 at the addresses specified in Paragraph 34 (Notification), copies of the EFT authorization form, the EFT transaction record, and the transmittal letter, which shall state that the payment is for the civil penalty owed pursuant to above-captioned Consent Decree, and shall reference the Civil Action Number and the U.S. Department of Justice Case Number 90-5-1-1-08391. Defendant shall also send the same information by email to acctsreceivable.CINWD@epa.gov; and by mail to:

17

EPA Cincinnati Finance Center
26 Martin Luther King Drive
Cincinnati, Ohio 45268

b.　Payment of $50,000 of the penalty shall be made by certified check made out to the Colorado Department of Public Health and Environment and mailed to:

Enforcement Work Group Leader
Colorado Department of Public Health and Environment
Water Quality Control Division
4300 Cherry Creek Drive, South, Blg. B
Denver, CO  80246-1530

## IV.  GENERAL PROVISIONS

21.　Jurisdiction and Venue.  This Court has jurisdiction over the subject matter of this action and over the parties pursuant to 33 U.S.C. § 1319(b) and 28 U.S.C. §§ 1331, 1345, 1355, and 1367.  The Complaint states a claim upon which relief may be granted under 33 U.S.C. § 1319.  Venue is proper under 33 U.S.C. § 1319(b) and 28 U.S.C. § 1391 and 1395.  For purposes of this Consent Decree, CSI consents to and will not contest the jurisdiction of this Court over this matter.  The Court shall retain jurisdiction to enforce the terms and conditions of this Consent Decree, to resolve disputes arising hereunder and for such other action as may be necessary or appropriate for construction or execution of the Consent Decree.

22.　Parties Bound.  The obligations of this Consent Decree apply to and are binding upon the Plaintiffs and upon CSI, and any successors, assigns, or other entities or persons otherwise bound by law.  Within 10 days of entry of this Consent Decree, CSI shall provide a copy of this Consent Decree to its Director(s) of Storm Water Compliance, Compliance Officers, Alternate Compliance Officers, and each Project Superintendent.  If a Compliance Officer, Alternate Compliance Officer, Project Superintendent, or a Director of Storm Water Compliance is retained more than 10 days after entry of the Consent Decree, CSI shall provide such person a copy of the Consent Decree within 10 days of retention.

23.　Responsibility for Acts of Contractors or Agents.  In any action to enforce this Consent Decree, CSI shall not assert as a defense the failure of its officers, directors, agents,

18

Contractors, trustees, servants, employees, successors and assigns to take actions necessary to comply with this Consent Decree unless CSI establishes that the failure resulted from a Force Majeure event as defined in Section VIII (Force Majeure).

24.    No Warranty by Plaintiffs. The Plaintiffs do not, by their consent to entry of this Consent Decree, warrant or aver in any manner that CSI's compliance with this Consent Decree will result in compliance with the provisions of applicable federal or state laws, regulations, or permit conditions. Notwithstanding Plaintiffs' review and approval of any data, reports or plans formulated pursuant to this Consent Decree, CSI remains solely responsible for compliance with this Consent Decree, the Clean Water Act, any Permit, and any other applicable state, federal, or local law or regulation.

25.    Headings. Headings in this Consent Decree are provided for convenience only and shall not affect the substance of any provision.

26.    Final Judgment. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the Parties.

27.    Purpose of Consent Decree. It is the express purpose of this Consent Decree to further the objectives of the Clean Water Act as well as regulations and permits issued pursuant to that Act. All obligations in this Consent Decree shall have the objective of causing CSI to be and remain in full compliance with the Act, the regulations and permits issued pursuant to the Clean Water Act, as well as state laws, regulations, and permits authorized pursuant to the Clean Water Act.

28.    Right of Entry.

a.    Until termination of this Consent Decree, Plaintiffs, their representatives, contractors, consultants and attorneys and their contractors and consultants shall each have the authority to enter, at reasonable times and upon presentation of credentials, any Site or any location at which records relating to this Consent Decree are kept for the purposes of:

19

    i.      monitoring CSI's compliance with this Consent Decree;

    ii.     verifying any data or information submitted by CSI pursuant to this Consent Decree;

    iii.    obtaining samples from any Site and, upon request, splits or duplicates of any samples taken by CSI, its Contractors or consultants; and

    iv.    reviewing and copying any records required to be kept by CSI pursuant to this Consent Decree.

b.    To the extent that Plaintiffs seek to review records maintained at a location other than a Site, Plaintiffs shall contact the Director of Storm Water Compliance for that region or the Compliance Officer or Alternate Compliance Officer of the particular Site in question. CSI shall make such records available to the Plaintiffs within seventy-two (72) business hours at CSI's offices in Colorado Springs, Colorado or provide copies of such records to Plaintiffs at Plaintiffs' offices. Nothing in this subparagraph (b) shall be construed to restrict Plaintiffs' right to review records at a Site.

29.    <u>No Limitation on Other Rights of Entry</u>. Nothing in Paragraph 28 (Right of Entry) or any other provision of this Consent Decree shall be construed to limit any statutory right of entry or access or other information gathering authority pursuant to any federal, state, or local law.

30.    <u>Preservation of Records</u>. In addition to complying with any other applicable local, state, or federal records preservation requirements, until one (1) calendar year after termination of this Consent Decree, CSI shall preserve, and instruct its Contractors and agents to preserve, at least one legible copy of all documents in its possession, custody, or control that relate to the performance of CSI's obligations under this Consent Decree.

31.    <u>Claims of Confidentiality</u>. CSI may assert business confidentiality claims covering part or all of any documents or information submitted by CSI under this Consent Decree to the extent permitted by and in accordance with 40 C.F.R. Part 2, or state or tribal law as

applicable. <u>See</u> § 24-72-204(3)(a), C.R.S. Documents or information determined to be confidential by EPA will be afforded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies documents or information when they are submitted to the United States, or if EPA has notified CSI that the documents or information are not confidential under the standards of 40 C.F.R. Part 2, the public may be given access to such documents or information without further notice to CSI.

32.     <u>Authority to Sign Consent Decree</u>.  The undersigned representative of CSI certifies that he or she is authorized to enter into this Consent Decree and to execute and legally bind CSI to the terms and conditions of this Consent Decree and meets the requirements for authorized signatory found in 40 C.F.R. § 122.22.

33.     <u>Designation of Agent for Service</u>.  CSI shall identify on the attached signature page the name and address of an agent who is authorized to accept service of process by mail on CSI's behalf with respect to all matters arising under or relating to this Consent Decree.  CSI agrees to accept service in that manner and to waive the formal service requirements of Federal Rule of Civil Procedure 4 and any applicable local rules of this Court, including, but not limited to, service of summons.

34.     <u>Notification</u>.

a.     When written notification or communication is required by the terms of this Consent Decree, such notification or communication shall be addressed to the following individuals at the addresses specified below (or to such other addresses as may be designated by written notice to the parties):

<u>As to the United States</u>:

Chief, Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Reference DJ No. 90-5-1-1-08391

United States Attorney
Chief, Civil Division
1225 Seventeenth Street
Suite 700
Seventeenth Street Place
Denver, CO 80202

21

Lee Hanley                                  Marc Weiner
U.S. EPA, Region 8                          U.S. EPA, Region 8, 8 ENF-T
1595 Wynkoop Street                         1595 Wynkoop Street
Denver, CO 80202-1129                       Denver, CO 80202-1129
303-312-6555                                303-312-6913
hanley.lee@epa.gov                          weiner.marc@epa.gov

As to the State of Colorado:

Enforcement Work Group Leader
Colorado Department of Public Health
        and Environment
Water Quality Control Division
4300 Cherry Creek Drive, South, Bldg. B
Denver, CO  80246-1530

As to CSI:

Timothy J. Phelan, President
Colorado Structures, Inc.
540 Elkton Drive #202
Colorado Springs, CO 80907
719-522-0500

      b.     Notifications to or communications with CSI or the Plaintiffs shall be deemed submitted on the date they are postmarked and sent by certified mail, return receipt requested.

     35.    <u>Certification of Reports and Submissions</u>.  Except as otherwise expressly provided in this Consent Decree, any report or other document submitted to Plaintiffs by CSI pursuant to this Consent Decree that makes any representation concerning compliance or noncompliance with any requirement of this Consent Decree shall be certified by a Responsible Corporate Officer of CSI.  The certification shall be in the following form:

> I certify that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to evaluate the information submitted.  I certify that the information contained in or accompanying this submittal is true, accurate, and complete.  As to those identified portion(s) of this submittal for which I cannot personally verify the accuracy, I certify that this submittal and all attachments were prepared in accordance with procedures designed to assure that qualified personnel properly gathered and evaluated the information submitted.  Based on my inquiry of the person or persons who manage the system, or those directly responsible for gathering the information, or the immediate supervisor of such person(s), the information submitted is, to the best of my knowledge and belief, true, accurate, and complete.  I am aware that there are significant penalties for submitting false information, including the

possibility of fine and imprisonment for knowing violations.

Signature: _____
Name: _____
Title: _____
Date: _____

36.     Entire Agreement.  This Consent Decree is the final, complete, and exclusive agreement between the Parties.  The Parties acknowledge that there are no inducements, promises, representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

37.     Modification.  The terms of this Consent Decree, including any attached appendices, may be modified only by a subsequent written agreement signed by all the Parties. Where the modification constitutes a material change to this Consent Decree, it shall be effective only upon approval by the Court.  Any disputes concerning modification of this Consent Decree shall be resolved pursuant to Section VII of this Consent Decree (Dispute Resolution), provided, however, that, instead of the burden of proof provided by Paragraph 57 (Petitions to the Court), the Party seeking the modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

38.     Costs of Suit.  Each party to this action shall bear its own costs and attorneys' fees incurred prior to entry of the Consent Decree in this action.

39.     Public Notice.  The parties acknowledge and agree that the final approval and entry of this Consent Decree is subject to the requirements of 28 C.F.R. § 50.7, which provides that notice of proposed consent decrees be given to the public and that the public shall have at least 30 days in which to make any comments.  The United States may withhold or withdraw its consent to this Consent Decree based on such comments.

40.     Agreement to Entry of Consent Decree.  CSI hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree.

41.     Termination of Consent Decree.

     a.     No sooner than three (3) years after entry of this Consent Decree, CSI may

23

request the Plaintiffs' consent to termination of this Consent Decree. In seeking such consent, CSI shall demonstrate that:

       i.     CSI has paid all monies, civil penalties, interest, and stipulated penalties due under this Consent Decree;

      ii.    As of the date CSI provides any notice or request to terminate this Consent Decree, there are no unresolved matters subject to dispute resolution pursuant to Section VII (Dispute Resolution);

     iii.   No enforcement action under this Consent Decree is pending; and

     iv.   CSI is in compliance with the requirements set forth in Section II (Compliance Program).

b.    The United States, after consulting with the State, shall notify CSI in writing within 30 days either that the United States objects to the request to terminate or that it does not object to the termination of the Consent Decree. If the United States objects to such request, CSI may invoke the provisions of Section VII (Dispute Resolution), and the Consent Decree shall remain in effect pending resolution of the dispute by the parties, or, ultimately, the Court.

c.    The Court may terminate this Consent Decree 60 days after CSI has filed with the Court a motion to terminate the Consent Decree and served a copy of that motion upon the United States, so long as either (1) CSI's motion to terminate the Consent Decree is accompanied by a true and correct copy of the United States' notice that it does not object to the termination or (2) CSI prevails in the dispute resolution process invoked pursuant to subparagraph b.

## V. EFFECT OF CONSENT DECREE

42.    <u>Covenants Not to Sue by the Plaintiffs</u>:

a.    In consideration of the payment of the penalty required by Paragraph 19 (Civil Penalty) and the full and satisfactory compliance by CSI with the terms of this

Consent Decree, Plaintiffs hereby covenant not to sue or take administrative action against CSI pursuant to the Clean Water Act or any state law that is part of a program EPA has approved under 33 U.S.C. § 1342(b) for the civil violations alleged in the Plaintiffs' Complaint through the date of lodging of this Decree.

b.     In further consideration of the payment of the penalty required by Paragraph 19 (Civil Penalty) and the full and satisfactory compliance by CSI with the terms of this Consent Decree, Plaintiffs also hereby covenant not to sue or take administrative action against CSI pursuant to the Clean Water Act or any state law that is part of a program EPA has approved under 33 U.S.C. § 1342(b) for any and all civil or administrative liability for non-compliance with, or from further obligation to comply with the information requests issued to CSI by the U.S. Environmental Protection Agency Headquarters Office of Enforcement and Compliance Assurance to CSI pursuant to 33 U.S.C. §1318 relating to the following completed store construction sites: (i) Wal-Mart Store No. 984 (Castle Rock, Colorado); (ii) Wal-Mart Store No. 2752 (Commerce City, Colorado); (iii) Wal-Mart Store No. 966 (Cortez, Colorado); (iv) Home Depot Store No. 1535 (Evergreen/Golden, Colorado); (v) Home Depot Store No. 1523 (Pioneer Hills – Aurora, Colorado); and (vi) Home Depot Store No. 1528 (Saddlerock, Colorado).

43.     No Effect on Third Parties.  This Consent Decree does not limit or affect the rights of CSI or of the Plaintiffs against any third parties not party to this Consent Decree, nor does it limit the rights of third parties not party to this Consent Decree, against CSI except as otherwise provided by law.  This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

44.     Plaintiffs' Reservations of Rights.

a.     Plaintiffs reserve all rights not expressly waived in this Consent Decree.

b.     Plaintiffs reserve all rights and remedies, legal and equitable, available to enforce the provisions of this Consent Decree.

25

c.    Plaintiffs reserve the right to seek and obtain criminal sanctions against any person, including CSI.

d.    Plaintiffs reserve the right to undertake any action against any person, including CSI, in response to conditions which may present an imminent and substantial endangerment to the public health or welfare or the environment.

45.    <u>CSI's Reservation of Rights</u>.  Except as provided by the express terms of this Consent Decree, CSI reserves any rights or defenses available to it in any future action brought by the Plaintiffs to enforce this Consent Decree, applicable Permits, the Clean Water Act, or any other statutes, regulations, or rules.  CSI also reserves and does not waive any of its rights, claims, defenses, cross-claims or counterclaims against any third party.  The execution of this Consent Decree is not an admission of liability by CSI, nor is it an admission or denial of the factual allegations arising out of the transactions or occurrences alleged in the Complaint.

46.    <u>Not a Permit Modification</u>.  This Consent Decree is neither a permit nor a modification of existing permits under any federal, state, or local law, and in no way relieves CSI of its responsibilities to comply with all applicable federal, state, and local laws and regulations.

## VI. STIPULATED PENALTIES

47.    <u>Stipulated Penalty Amounts</u>.  If EPA determines that CSI has failed to comply fully and timely with the requirements of this Consent Decree, including the compliance dates for each and every measure set forth in Section II (Compliance Program), and all requirements set forth in applicable Permits, then upon written demand of EPA, CSI shall pay stipulated penalties in the following amounts:[1/]

a.    for failure to submit a Notice of Intent or otherwise obtain a permit for any Site, failure to prepare a SWPPP for any Site, failure to have the SWPPP available at the Site, or failure to have the Permit available at a Site, $500 per day per violation;

---

[1/]  Only for Sites within Colorado, EPA shall consult with the State of Colorado regarding stipulated penalties as outlined in Paragraph 47.

b.        for each deficiency in a SWPPP for a Site, including failure to update the SWPPP in accordance with Paragraph 9 (Update of SWPPPs), $400 per day per violation;

c.        for failure to install or maintain a BMP, $1,000 per day per violation;

d.        for failure to comply with Paragraph 12.a. (Pre-Construction Meetings), $750 per day per violation;

e.        for failure to conduct the inspections in accordance with Paragraph 12.b.

(Pre-Construction Meetings) or 18 (Final Site Inspection), $1,500 for each missed inspection;

f.        for failure to document the inspections in accordance with the requirements of Paragraphs 12.b. (Pre-Construction Meetings) or 18 (Final Site Inspection), $750 for each violation;

g.        for failure to designate Director(s) of Storm Water Compliance, Compliance Officers, Alternate Compliance Officers, or Project Superintendents (in accordance with Paragraphs 3, 4, or 5 above, as applicable), $500 per day per violation;

h.        for failure to take any corrective action required in accordance with Paragraph 15.c., $500 per day for the first ten days of each violation, $1,000 per day for the next ten days of each violation, and $1,500 per day for each subsequent day of each violation;

i.        for failure to take action as required by the Director of Storm Water Compliance in accordance with Paragraph 16, $500 per day for the first ten days of each violation, $1,000 per day for the next ten days of each violation, and $1,500 per day for each subsequent day of each violation;

j.        for failure to provide the list required in accordance with Paragraph 6 (Notice of Construction Projects), $250 for each violation;

k.        for failure to conduct daily inspections in accordance with Paragraph 15

27

(Inspections), $500 per day for each missed inspection(s);

     l.    for failure to conduct biweekly oversight inspections in accordance with Paragraph 15 (Inspections), $1,500 for each missed inspection;

     m.    for failure to provide a timely and complete quarterly report to EPA in accordance with Paragraph 16 (Director of Storm Water Compliance Review and Report), $500 per day for the first ten days of each violation, $1,000 per day for the next ten days of each violation, and $2,500 per day for each subsequent day of violation.

48.    <u>Payment of Stipulated Penalties</u>.  All penalties owed to the Plaintiff(s) under this Section shall be due and payable within 30 days of CSI's receipt from the United States, or for violations in Colorado, either Plaintiff, of a demand for payment of the penalties, unless CSI invokes the procedures under Section VII (Dispute Resolution).  CSI shall pay 50 percent of any stipulated penalty related to sites located in Colorado to the United States and 50 percent to the State of Colorado, following payment procedures set forth below.  Stipulated penalty payments related to sites located outside Colorado shall be paid solely to the United States, following payment procedures set forth below.

     a.    Stipulated penalties due the United States shall be made by Electronic Funds Transfer ("EFT") to the United States in the manner set forth in Paragraph 20.a., except that the transmittal letter shall state that the payment is for stipulated penalties and shall state for which violation(s) the penalties are being paid.

     b.    Stipulated Penalties due the State of Colorado shall be made by certified check made out to the Colorado Department of Public Health and Environment and mailed to:

    Enforcement Work Group Leader
    Colorado Department of Public Health and Environment
    Water Quality Control Division
    4300 Cherry Creek Drive, South, Bldg. B
    Denver, CO  80246-1530

49.     Accrual of Stipulated Penalties.  Stipulated penalties shall begin to accrue on the day after performance is due or the day a violation occurs and shall continue to accrue through the final day of the correction of the noncompliance or completion of the activity.  Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.  Stipulated penalties shall accrue regardless of whether EPA has notified CSI of a violation.

50.     No Effect on Obligation to Comply.  The payment of penalties shall not alter in any way CSI's obligation to comply with the requirements of this Consent Decree.

51.     Effect of Dispute Resolution.  Penalties shall continue to accrue during any dispute resolution period, but need not be paid until the following:

a.      If the dispute is resolved by agreement or by a decision of EPA that is not appealed to this Court, CSI shall pay accrued penalties determined to be owing to the United States (and the State of Colorado, if applicable) within 15 days of the agreement or the receipt of EPA's decision or order;

b.      If the dispute is appealed to the Court and the United States prevails in whole or in part, CSI shall pay all accrued penalties determined by the Court to be owed to the United States (and the State of Colorado, if applicable) within 30 days of receipt of the Court's decision or order, except as provided in subparagraph c, below;

c.      If the District Court's decision is appealed by any party, CSI shall pay all accrued penalties determined by the District Court to be owing to the United States (and the State of Colorado, if applicable) into an interest-bearing escrow account within 30 days of receipt of the Court's decision or order.  Penalties shall be paid into this account as they continue to accrue, at least every 30 days.  Within 15 days of receipt of the final appellate court decision, the escrow agent shall pay the balance of the account to the United States (and the State of Colorado, if applicable) or to CSI to the extent that they prevail.

29

52.    <u>Interest on Late Payment</u>.  If CSI fails to pay stipulated penalties when due, CSI shall pay interest accrued at the rate established by the Secretary of the Treasury under 31 U.S.C. § 3717 beginning upon the day the stipulated penalties were due.

53.    <u>Non-Exclusivity of Remedy</u>.  Stipulated penalties are not the Plaintiffs' exclusive remedy for violations of this Consent Decree.  Plaintiffs expressly reserve the right to seek any other relief they deem appropriate, including but not limited to, action for statutory penalties, contempt, or injunctive relief against CSI.  However, the amount of any statutory penalty assessed for a violation of this Consent Decree shall be reduced by an amount equal to the amount of any stipulated penalty assessed and paid pursuant to this Consent Decree for the same violation.  Similarly, the amount of any stipulated penalty assessed under this Consent Decree for which CSI has also paid a stipulated penalty to Wal-Mart pursuant to the Consent Decree entered in <u>United States v. Wal-Mart Stores, Inc.</u>, Civ. No. 04-301 (D. Del. 2005) shall be reduced by an amount equal to the amount of any stipulated penalty assessed and paid by CSI to Wal-Mart pursuant to that Consent Decree.  Similarly, the amount of any stipulated penalty assessed under this Consent Decree for which CSI has also paid a stipulated penalty pursuant to a storm water Consent Decree(s) subsequently entered by a Federal District Court and to which the United States is a Plaintiff shall be reduced by an amount equal to the amount of any stipulated penalty assessed and paid by CSI pursuant to that Consent Decree(s).

**VII. DISPUTE RESOLUTION**

54.    <u>Exclusive Remedy.</u>  Unless otherwise expressly provided for in this Consent Decree, the Dispute Resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under this Consent Decree.  However, the procedures set forth in this Section shall not apply to actions by either Plaintiff to enforce obligations of CSI that have not been disputed in accordance with this Section.

55.    <u>Informal Dispute Resolution</u>.  Any dispute subject to dispute resolution under this Consent Decree shall first be the subject of informal negotiations.  The dispute shall be

considered to have arisen when CSI sends each Plaintiff a written Notice of Dispute. Such Notice of Dispute shall state clearly the matter in dispute. The period of informal negotiations shall not exceed 60 days from the date the dispute arises, unless that period is modified by written agreement. If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be considered binding unless, within 45 days after the conclusion of the informal negotiation period, CSI invokes formal dispute resolution procedures set forth in Paragraph 56 (Formal Dispute Resolution).

56.     Formal Dispute Resolution.

a.     Within 45 days after the conclusion of the informal negotiation period, CSI may invoke formal dispute resolution procedures by serving on the Plaintiffs a written Statement of Position regarding the matter in dispute. The Statement of Position shall include, but may not be limited to, any factual data, analysis, or opinion supporting CSI's position and any supporting documentation relied upon by CSI.

b.     The United States shall serve its Statement of Position within 45 days of receipt of CSI's Statement of Position. The United States' Statement of Position shall include, but may not be limited to, any factual data, analysis, or opinion supporting that position and all supporting documents relied upon by the United States. For Sites located in Colorado, the State of Colorado may serve a Statement of Position. The United States' Statement of Position shall be binding on CSI, unless CSI files a motion for judicial review of the dispute in accordance with Paragraph 57 (Petitions to the Court).

57.     Petitions to the Court.

a.     CSI may seek judicial review of the dispute by filing with the Court and serving on the Plaintiffs a motion requesting judicial resolution of the dispute. The motion shall be filed within 45 days of receipt of the United States' Statement of Position set forth in Paragraph 56 (Formal Dispute Resolution). The motion shall contain a written statement of CSI's position on the matter in dispute, including any supporting

31

factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

b.    The United States shall respond to CSI's motion within 45 days of receipt of the motion, unless the parties stipulate otherwise. For Sites located in Colorado, the State of Colorado may file its own response to CSI's motion.

c.    CSI may file a reply memorandum within 30 days of receipt of the United States' response.

d.    In any dispute under this Paragraph, CSI shall bear the burden of demonstrating that its position complies with this Consent Decree and the Clean Water Act and that CSI is entitled to relief under applicable law. The United States reserves the right to argue that its position is reviewable only on the administrative record and shall be upheld unless arbitrary and capricious or otherwise not in accordance with law. For purposes of this Consent Decree, the administrative record shall comprise the Statements of Position exchanged by the Parties pursuant to Paragraph 56 (Formal Dispute Resolution), including any documents attached to or incorporated by reference in those Statements. CSI reserves the right to argue that its position is based on a reasonable interpretation of a statute, regulation, or permit, or a reasonable interpretation of this Consent Decree and that the United States' litigation position is not entitled to any deference.

58.    Effect on Other Obligations. The invocation of formal dispute resolution procedures under this Section shall not extend, postpone, or affect in any way any obligation of CSI under this Consent Decree not directly in dispute, unless each Plaintiff agrees in writing or the Court orders otherwise.

59.    Computation of Time. The computation of any period set forth in this Section VII shall be governed by Rule 6 of the Federal Rules of Civil Procedure.

## VIII.  FORCE MAJEURE

60.    Definition of Force Majeure.  A "force majeure event" is any event beyond the control of Defendant, its Contractors, or any entity controlled by Defendant that delays the performance of any obligation under this Consent Decree.  "Force Majeure" does not include Defendant's financial inability to perform any obligation under this Consent Decree.  Failure to apply for a required permit or approval, or to provide in a timely manner all information required to obtain a permit or approval that is necessary to meet the requirements of this Consent Decree, or failure of CSI to approve contracts shall not, in any event, be considered Force Majeure events.

61.    Required Notification for Force Majeure.  CSI shall notify the Plaintiffs orally and by electronic transmission as soon as possible, but not later than 72 hours after the time CSI first knew of, or in the exercise of reasonable diligence under the circumstances should have known of, any event which might constitute a Force Majeure event.  CSI shall make the oral notification required by this Paragraph by calling Mark Pollins at 202-564-4001 and sending him a message by electronic mail to pollins.mark@epa.gov.  If Mr. Pollins is not available by telephone, CSI may satisfy the telephone notice requirement by leaving a message for Mr. Pollins stating that CSI had called to notify Mark Pollins pursuant to this Paragraph.  Within 30 days thereafter, CSI shall provide written notice of the delay in accordance with Paragraph 34 (Notification).  The United States may designate an alternative representative to receive oral notification at its discretion by sending CSI a written designation in accordance with Paragraph 34 (Notification). The written notice CSI submits pursuant to this Paragraph shall indicate whether CSI claims that the delay should be excused due to a Force Majeure event.  The notice shall describe in detail the basis for CSI's contention that it experienced a Force Majeure delay, the anticipated length of the delay, the precise cause or causes of the delay, the measures taken or to be taken to prevent or minimize the delay, and the timetable by which those measures will be implemented.  CSI shall adopt all reasonable measures to avoid or minimize such delay.  Failure to so notify the Plaintiffs

33

shall render this Section VIII (Force Majeure) void and of no effect as to the event in question, and shall be a waiver of CSI's right to obtain an extension of time for its obligations based on such event.

62.    <u>Procedures for Extension</u>.  If the United States finds, after consultation with the State of Colorado for Sites within Colorado, that a delay in performance is, or was, caused by a Force Majeure event, Plaintiffs shall extend the time for performance, in writing, for a period to compensate for the delay resulting from such event, and stipulated penalties shall not be due for such a period.  In proceedings on any dispute regarding a delay in performance, the dispute resolution provisions of Section VII (Dispute Resolution) shall apply, and CSI shall have the burden of proving that the delay is, or was, caused by a Force Majeure event and that the amount of additional time requested is necessary to compensate for that event.

63.    <u>Effect on Other Obligations</u>.  Compliance with a requirement of this Consent Decree shall not by itself constitute compliance with any other requirement.  An extension of one compliance date based on a particular event shall not automatically extend any other compliance date.  CSI shall make an individual showing of proof regarding the cause of each delayed incremental step or other requirement for which an extension is sought.


SO ORDERED THIS _____ DAY OF _____ 2008.


_____

UNITED STATES DISTRICT JUDGE

34

WE HEREBY CONSENT to the entry of the Consent Decree in United States, et al. v.

CSI, subject to the public notice requirements of 28 C.F.R. § 50.7.

FOR THE UNITED STATES OF AMERICA:


Date: 3 JUNE 2008

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530


Date: 6 June 2008

HEIDI KUKIS HOFFMAN
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
1961 Stout Street – 8th Floor
Denver, Colorado 80294
(303) 844-1392

35

WE HEREBY CONSENT to the entry of the Consent Decree in United States, et al. v. CSI, subject to the public notice requirements of 28 C.F.R. § 50.7.

FOR STATE OF COLORADO:

Date: _1/30/08_

STEVEN H. GUNDERSON
Director, Water Quality Control Division
Colorado Department of Public Health
    and Environment
4300 Cherry Creek Drive, South, Bldg. B
Denver, Colorado  80246-1530
(303) 692-3509

Date: _1-30-08_

ANNETTE M. QUILL
Assistant Attorney General
Natural Resources and Environment Section
Colorado Office of the Attorney General
1525 Sherman Street, 5th Floor
Denver, Colorado  80203
(303) 866-4647

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States, et al. v.</u> <u>CSI</u>, subject to the public notice requirements of 28 C.F.R. § 50.7.

FOR THE UNITED STATES OF AMERICA:

Date: _____     _____
WALKER B. SMITH
Director
Office of Civil Enforcement
U.S. Environmental Protection Agency
Ariel Rios Building, 2201A
1200 Pennsylvania Avenue, N.W.
Washington, D.C.  20460

37

WE HEREBY CONSENT to the entry of the Consent Decree in <u>United States, et al. v.</u> <u>CSI</u>, subject to the public notice requirements of 28 C.F.R. § 50.7.

FOR THE UNITED STATES OF AMERICA:

Date: 2/1/08

for ANDREW M. GAYDOSH
Assistant Regional Administrator
Office of Enforcement Compliance
   and Environmental Justice
United States Environmental Protection Agency
Region 8 (8ENF)
1595 Wynkoop St.
Denver, Colorado 80202

Date: 1/31/08

MICHAEL T. RISNER
Director, Legal Enforcement Program
Office of Enforcement Compliance
   and Environmental Justice
United States Environmental Protection Agency
Region 8 (8ENF-L)
1595 Wynkoop St.
Denver, Colorado 80202
(303) 312-6890

Date: 1/31/08

MARC WEINER
Enforcement Attorney
Office of Enforcement Compliance
   and Environmental Justice
United States Environmental Protection Agency
Region 8 (8ENF-L)
1595 Wynkoop St.
Denver, Colorado 80202
(303) 312-6913

      WE HEREBY CONSENT to the entry of this Consent Decree in <u>United States, et al. v.</u> <u>CSI</u>.

FOR DEFENDANT COLORADO STRUCTURES, INC.:

Date: 4/22/2008

TIMOTHY J. PHELAN
President, Colorado Structures, Inc.
540 Elkton Drive, Suite 202
Colorado Springs, Colorado 80907
(800) 234-2243

39

**Appendix 1**

## CONTRACTOR BRIEFING SHEET

This CONTRACTOR BRIEFING SHEET is meant to provide an overview of best management practices to help control pollutants in storm water discharges from construction sites. This is not a comprehensive list of Do's and Don'ts for contractors, but rather should be used as general reference guide for contractors and sub-contractors working for Colorado Structures, Inc. ("CSI"). For a more comprehensive guide to controlling pollutants in storm water discharges, please refer to the Storm Water Pollution Prevention Plan ("SWPPP") for your site.

### DO

**DO** go to the Project Superintendent or Compliance Officer with any questions regarding storm water pollution prevention or this list.

**DO** review the Storm Water Pollution Prevention Plan ("SWPPP") for your site and become familiar with:

- Storm drain locations;
- Designated parking areas;
- Equipment storage requirements, etc. prior to any activity on the site.

**DO** place all trash and debris in the receptacles provided.

**DO** use designated washout areas for cleaning equipment (e.g., concrete trucks must use the designated concrete washout area).

**DO** use designated disposal container(s) or area(s) for liquid waste (e.g. paint, brush cleaning, etc.)

**DO** report to the Project Superintendent or Compliance Officer:

- Any spills of solvents, petroleum, or other chemicals;
- Any damage control measure taken as a result of such spill.

**DO** install control measures around any construction or landscaping materials to prevent any pollutants, debris, or spills from leaving the designated area(s) for material storage.

**DO** check your working area before leaving the site at the end of each day, and secure any materials and/or equipment to prevent any pollutants, debris, or spills from leaving your designated work area.

**DO** immediately comply with any request from the Project Superintendent or Compliance Officer or other CSI personnel at the Site.

## DON'T

**DON'T** ignore or disregard SWPPP requirements for the site on which you are working.

**DON'T** disable, damage, or interfere with any storm water pollution prevention controls at construction entrances (e.g. **DON'T** evade stone construction entrances).

**DON'T** create earthen banks as temporary vehicle ramps.

**DON'T** place any solvents, chemicals, or rinse liquids in a street or storm drain, a creek, waterway, or other water body.

**DON'T** place any construction or landscaping materials upstream from a storm drain or drainage area.

**DON'T** disable, damage, or interfere with any other storm water pollution prevention controls (e.g. **DON'T** run over any erosion control silt fences, straw wattles, etc., or forget to replace any erosion control if temporarily relocated).

**DONT** disable, damage or interfere with any storm drain inlet controls (e.g. **DON'T** remove inlet controls unless such action is needed to prevent flooding), or place dirt or debris in or adjacent to inlet controls.

**DON'T** disable, damage, drive over, or interfere with any geotextile, matting, or mulch.

**DON'T** be afraid to ask a Project Superintendent or Compliance Officer any questions regarding storm water pollution prevention or this CONTRACTOR BRIEFING SHEET.


REMEMBER: The failure to comply with storm water requirements can result in economic sanctions by the Federal or State Government.


##

**Appendix 2**

# STORM WATER INSPECTION REPORT

Site name: _____     Permittee: _____

Inspection date: _____     Inspector: _____

Site weather: _____     Last precipitation date/amount: _____

Agency inspections: _____

**Inspection type (circle one):**          Regular     Precipitation     Bi-Weekly     Final

| GENERAL | YES | NO | N/A | CORRECTIVE ACTION - DATE DUE |
|---|---|---|---|---|
| Are the Applicable Permit and the SWPPP on Site? | | | | |
| Is contact information provided on Site? | | | | |
| Was the Storm Water Inspection Report for the last inspection signed by a Responsible Corporate Officer and certified if and as required by the Applicable Permit? | | | | |
| Have "No" responses from the previous Site inspection been timely addressed with the appropriate corrective action? | | | | |
| **MAINTENANCE** | **YES** | **NO** | **N/A** | **CORRECTIVE ACTION - DATE DUE** |
| Is the Site free of excess sediment or other pollutants that may be exiting it? | | | | |
| Are roads/gutters free of excessive sediment from the Site? | | | | |
| Are exit/entrance controls properly located, in working condition, and no repairs necessary? | | | | |
| Are exposed areas stabilized as required? | | | | |

| MAINTENANCE | YES | NO | N/A | CORRECTIVE ACTION - DATE DUE |
|---|---|---|---|---|
| Are stockpiles located and stabilized as required? | | | | |
| Are sediment and erosion control BMPs properly located, in working condition, and no repairs necessary? | | | | |
| Are washouts properly located, in working condition, and no repairs necessary? | | | | |
| Are solid and hazardous materials and wastes managed as required? | | | | |
| Are trash, construction materials and debris, and other solid wastes properly located and managed as required? | | | | |
| Are portable toilets properly located, installed, and maintained as required? | | | | |
| Are BMPs required by the SWPPP appropriate for existing Site conditions? | | | | |
| Are the Site storm water BMPs and the SWPPPs consistent with each other? | | | | |
| Pursuant to Paragraph 15.d. of the Consent Decree, has the Compliance Officer or Alternate Compliance Officer accompanied one of the Project Superintendents on a daily inspection of the Site at least once every two (2) weeks? | | | | |
| Pursuant to Paragraph 15.d. of the Consent Decree, has the Compliance Officer or Alternate Compliance Officer reviewed the daily inspection reports prepared by the Project Superintendent since the last inspection to ensure that all corrective actions are completed? | | | | |
| Have all significant items related to storm water discharges at the Site been noted? | | | | |

## Certification

I certify that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to evaluate the information submitted. I certify that the information contained in or accompanying this submittal is true, accurate, and complete. As to those identified portion(s) of this submittal for which I cannot personally verify the accuracy, I certify that this submittal and all attachments were prepared in accordance with procedures designed to assure that qualified personnel properly gathered and evaluated the information submitted. Based on my inquiry of the person or persons who manage the system, or those directly responsible for gathering the information, or the immediate supervisor of such person(s), the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

Signature: _____     Name: _____

Title: _____     Date: _____


Signature: _____     Name: _____

Title: _____     Date: _____

**Appendix 2**

## STORM WATER INSPECTION REPORT: User Instructions

### IMPORTANT

This form consists of the Storm Water Inspection Report and User Instructions. These are legal documents.

The Storm Water Inspection Report is to be completed by the designated person as outlined in the Site's Storm Water Pollution Prevention Plan ("SWPPP").

Check a response to each question in the report. For any "No" answers, provide the corrective action needed for compliance, the location where the corrective action is needed, and the date such corrective action is due. UNLESS OTHERWISE NOTED, the date of the inspection will be the date the apparent non-compliance, maintenance issue or deficiency was first noted.

Before proceeding with any inspection, you must first verify whether all corrective action(s) identified in response to "No" answers identified from the prior inspection, if any, are undertaken within the time period allowed by the Applicable Permit. Such information must be restated or carried over to the current inspection report until the corrective action is taken and the date of completion of such corrective action is noted. This is true regardless of the time period allowed by the Applicable Permit.

You must sign and date the completed Storm Water Inspection Report. If you are filing your reports electronically, you must follow the specific procedures set forth to ensure authentication of such reports. All completed Storm Water Inspection Reports must be kept with the Site's SWPPP.

### PROCEDURES

You must record the following information on each and every Storm Water Inspection Report:

- **Site Name**. Insert the name that is recorded on the Notice of Intent.

- **Permittee**. Enter the name that appears on the Applicable Permit or the Notice of Intent.

- **Inspection Date**. Insert the date on which the inspection is being performed.

- **Inspector**. Enter the name of the person performing the inspection.

- **Site weather**. Describe the current weather conditions (i.e. dry, rain, snow icy). Also, indicate from where the weather data is obtained (i.e. website, rain gauge on site, etc.).

- **Last Precipitation Date/ Amount**. Note the date of the last precipitation, and the amount of precipitation.

1

- **Agency inspections.** Note whether there has been any inspection by federal, state, or local agencies at the Site. If so, record the name of each agency that performed the inspection, the name and position of the person that performed the inspection for that agency, and the date of each inspection. If you have received written notice of violations from an inspection that you are challenging as not being violations, include this information, as well as items that you are not challenging that require follow-up.

- **Type of Inspection.** Circle the inspection type that represents the purpose of the inspection. Only one inspection type may be circled. An inspection is required to be undertaken in each of the following circumstances: daily, applicable precipitation event, bi-weekly, or final prior to the filing of the Notice of Termination.

You must check "Yes," "No," or "N/A" for each question. For any "No" answers, provide the corrective action needed for compliance and the date such corrective action is due. UNLESS OTHERWISE NOTED, the date of the inspection will be the date the apparent non-compliance, maintenance issue or deficiency was first noted.

## QUESTIONS

You must respond to all of the following questions on each and every Storm Water Inspection Report:

### General

**Are the Applicable Permit and the SWPPP on Site?** You must verify that the Applicable Permit and notification letter (if applicable) and SWPPP are on Site.

**Is the contact information provided on Site?** You must verify that the name and phone number of the Compliance Officer or Alternate Compliance Officer are located in a conspicuous place on Site and are legible.

**Was the Storm Water Inspection Report for the last inspection signed by a Responsible Corporate Officer and certified if and as required by the Applicable Permit?** You must verify that the report for the prior inspection was signed by a Responsible Corporate Officer who did the inspection and certified if and as required by the Applicable Permit.

**Have "No" responses from the previous Site inspection been timely address with the appropriate corrective action? (If "No," explain)** You must verify whether all corrective actions from "No" responses on the previous inspection have been completed. If not, explain the reasons why these actions have not been accomplished, what actions remain to be taken and whether the response to date satisfied applicable permit requirements.

### Maintenance

**Is the Site free of excess sediment or other pollutants that may be exiting it?** You must note whether excess sediment or pollutants are exiting the Site. You should check applicable BMPs such as outfalls, exit/entrance controls, site perimeter controls, receiving water courses and adjacent offsite areas for

2

excessive sediment or other pollutant discharges. You should also verify and record whether excessive sediment or other pollutants are being discharged onto the Site from adjacent properties.

**Are roads/gutters free of excessive sediment from the Site?** You must verify that the roads adjacent to the Site are free of excessive sediment. You should verify and record whether the source of sediment is from adjacent properties.

**Are exit/entrance controls properly located, in working condition, and no repairs necessary?** You must verify that exit/entrance controls are properly located, in working condition, and that no repairs are necessary. You should check that exit/entrance controls such as stone pads, rumble grates, and the like for construction entrances and other access points are in place and are maintained pursuant to the SWPPP.

**Are exposed areas stabilized as required?** You must verify that exposed areas are stabilized as required. You should check that areas where Ground-Disturbing Activities have ceased or have been temporarily suspended are stabilized in accordance with the SWPPP.

**Are stockpiles located and stabilized as required?** You must verify that stockpiles are located and stabilized as required. You should check that stockpiles are located in areas where they may minimize the potential for discharging excessive sediment from the Site or onto any road or gutter and that they have been stabilized in accordance with the SWPPP.

**Are sediment and erosion control BMPs properly located, in working condition, and no repairs necessary?** You must verify that erosion and sediment controls are properly located and in working condition and that no repairs are necessary. You should check that erosion and sediment controls, such as, by way of illustration, linear barriers, soil stabilization techniques, sediment points/traps and inlet protection, are properly placed, appear to be working, and are maintained in accordance with the SWPPP. If the sediment and/or erosion control BMP is in need of repair, indicate its location on the "Corrective Action" section of the inspection report.

**Are washouts properly located, in working condition, and no repairs necessary?** You must verify that concrete, paint and other washouts are properly placed, appear to be working, and are maintained in accordance with the SWPPP.

**Are solid and hazardous materials and wastes managed as required?** You must verify that solid and hazardous materials and wastes (which includes all construction materials and waste) are managed as required. You should check that storage and containment areas and controls and that management of non-storm water and hazardous materials, including leaks and spills, are implemented in accordance with the SWPPP.

**Are trash, construction materials and debris, and other solid wastes properly located and managed as required?** You must verify that trash, construction materials and debris, and other solid wastes are properly located and managed as required. You should check that controls for the collection and storage of these materials are properly placed, appear to be effective, and are maintained in accordance with the SWPPP.

3

**Are portable toilets provided and properly located, installed, and maintained as required?**  You must verify that portable toilets are provided and located, installed and maintained as required.  You should check that portable toilets are located off roads and away from gutters and inlets, and are properly anchored and maintained.

**Are BMPs required by the SWPPP appropriate for existing Site conditions?**  You must verify that the BMPs implemented are required by the SWPPP and are effective at minimizing pollutants in storm water discharges from the Site.  If BMPs are not effective, indicate the BMP that should be implemented and when it will be implemented.

**Are the Site Storm Water BMPs and the SWPPP consistent with each other?**  You must verify that the storm water BMPs and the SWPPP are consistent with each other.  You should check that the storm water BMPs shown on the SWPPP for the current stage of construction exist on Site and that those that exist on Site are shown on the SWPPP.  If the BMPs and the SWPPP are not consistent, indicate when the SWPPP will be updated.

**Pursuant to Paragraph 15.d. of the Consent Decree, has the Compliance Officer or Alternate Compliance Officer accompanied one of the Project Superintendents on a daily inspection of the Site at least once every two (2) weeks?**  You must be familiar with the requirements of Paragraph 15.d. of the Consent Decree.  Paragraph 15.d. requires that the Compliance Officer or Alternate Compliance Officer accompany one of the Project Superintendents on a daily inspection of the Site at least once every two weeks, and certify that he or she has done so on Appendix 2.

**Pursuant to Paragraph 15.d. of the Consent Decree, has the Compliance Officer or Alternate Compliance Officer reviewed the daily inspection reports prepared by the Project Superintendent since the last inspection to ensure that all corrective actions are completed?**  You must be familiar with the requirements of Paragraphs 15.d. of the Consent Decree.  Paragraph 15.d. also requires that the Compliance Officer or Alternate Compliance Officer review the daily inspection reports prepared by the Project Superintendent in the days since the Compliance Officer's or Alternate Compliance Officer's last inspection, ensure that all corrective actions noted as necessary on the daily inspection reports have been completed as required, and certify that he or she has done so on Appendix 2.

**Have all significant items related to storm water discharges at the Site been noted?**  You must ensure that anything that may significantly interfere with controlling pollutants in storm water discharges from the Site (e.g. sediment loading on the street from a sub-contractor) is noted on the inspection report, and fill in the "Corrective Action" portion as required.